

# THE ATTORNEY GENERAL
## OF TEXAS

### AUSTIN. TEXAS 78711

JOHN L. HILL
ATTORNEY GENERAL

January 14, 1975

The Honorable Kenneth D. Gaver, M.D.       Opinion No. H- 494
Commissioner
Texas Department of Mental Health and      Re: Conflict between section
  Mental Retardation                      34.01 of the Family Code,
P.O. Box 12668                             requiring report of child
Austin, Texas 78711                        abuse, and section 87 of the
                                                  Mental Health Code, requir-
                                                  ing confidentiality of hospital
                                                  records.

Dear Dr. Gaver:

      You have requested our opinion regarding the apparent conflict
between section 34.01 of the Family Code, which requires "any person"
to report the abuse or neglect of a child, and article 5547-87, V.T.C.S.,
which prohibits disclosure of the hospital records of your patients
except in certain circumstances. Specifically, you ask whether the
Department is obliged to make the reports required by section 34.01 of
the Family Code without regard to the provisions of section 87 of the
Mental Health Code.

      Section 34.01 directs "[a]ny person having cause to believe that a
child's physical or mental health or welfare has been or may be adversely
affected by abuse or neglect shall report in accordance with section 34.02
of this code." Section 34.02 specifies that the reports "shall be made to:
(1) the county welfare unit; (2) the county agency responsible for the pro-
tection of juveniles; or (3) any local or state law enforcement agency,"
and further states that they shall "contain the name and address of the
child."

      On the other hand, section 87 of the Mental Health Code requires
that "hospital records which directly or indirectly identify a patient,

former patient, or proposed patient shall be kept confidential" except
in four specified circumstances, including consent of the patient or his
legal guardian, court-ordered disclosure, or a determination by the
Board or the head of the relevant hospital that "disclosure will be in the
best interest of the patient." Disclosure is also permitted whenever it
"may be necessary to carry out the provisions of this Code."

The Code Construction Act, which is applicable to "each code
enacted by the 60th or a subsequent legislature," defines "person" to
include "government or governmental subdivision or agency." V. T. C. S.
art. 5429b-2, §1.04(2). Since Title 2 of the Family Code was enacted
by the 63rd Legislature, and since the Department of Mental Health and
Mental Retardation is a "government agency," it is clear that section
34.01 embraces the Department of Mental Health and Mental Retardation
within the ambit of "any person." See Attorney General Opinion H-237
(1974).

A patient's hospital records may be disclosed when the "disclosure
may be necessary to carry out the provisions of this Code." V. T. C. S.
art. 5547-87(a)(2). One such provision states the purpose of the Mental
Health Code to be "to provide humane care and treatment for the mentally
ill, and to facilitate their hospitalization, enabling them to obtain needed
care, treatment and rehabilitation with the least possible trouble, expense
and embarrassment to themselves and their families . . . . " V. T. C. S.
art. 5547-2. We believe this purpose of the Mental Health Code will be
greatly furthered by the Department's compliance with section 34.01 of
the Family Code. It would be difficult to deny that the kind of disclosure
contemplated by section 34.01 will assist in providing juvenile patients
with "humane care and treatment" and will facilitate their obtaining
"needed care, treatment and rehabilitation." Disclosure is made to
designated agencies of government, and the statute provides that the
ultimate recipient of the information shall be either the county child
welfare unit, or the county agency responsible for the protection of
juveniles. Such disclosure helps to fulfill, rather than contradict, the
purposes of the Mental Health Code. Furthermore, by requiring persons
to report cases of child abuse we believe the Legislature has determined
that such reports are in the best interest of the child. We, therefore,
hold that the provisions of section 34.01 of the Family Code are applicable
to the Department.

## SUMMARY

Section 34.01 of the Family Code, requiring "any person having cause to believe that a child's physical or mental health or welfare has been or may be adversely affected by abuse or neglect" to "report in accordance with section 34.02," is applicable to the Department of Mental Health and Mental Retardation, without regard to the provisions of article 5547-87, V. T. C. S.

Very truly yours,

JOHN L. HILL
Attorney General of Texas

APPROVED:

DAVID M. KENDALL, First Assistant

C. ROBERT HEATH, Chairman
Opinion Committee

lg